FILED
DISTRICT OF WYOMING
U S DISTRICT COURT

AUG 14 2018

U.S. MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING

NATHAN HANSON,

Plaintiff,

vs.

Case No.: 2:17-cv-00193-MLC

KEVIN SWAINSTON,

Defendant.

## ORDER ON DEFENDANT'S MOTION FOR *IN CAMERA* REVIEW

THIS MATTER comes before the Court upon Defendant's Motion for In-Camera Inspection [Doc. 22]. On June 27, 2018, this Court held an informal discovery conference with the parties regarding whether Defendant Kevin Swainston's communications with his insurance company were privileged, and if so, whether that privilege was waived [Doc. 20]. At the Court's request, Swainston briefed the issue on July 16, but did not file a motion for protective order [Doc. 21]. Plaintiff Nathan Hanson responded to that briefing on July 23 [Doc. 23] and Swainston replied on July 30 [Doc. 28]. In the interim, Swainston moved for an in-camera inspection of documents detailing the conversations between Swainston and his insurer [Doc. 22].

Over the course of reviewing the question of whether Swainston, through his insurer, had waived any privilege that attached to their communications, it was evident the Court would benefit from reviewing the documents in question. The documents are (1) the transcript of a recorded interview Swainston gave to his insurer on June 23, 2016, eight months after the accident (2) the insurance adjuster's notes from that conversation (3) the insurance adjuster's notes from a

conversation with Swainston on August 10, 2017 and (4) two emails between Swainston and his insurance adjuster on September 8, 2017 [Doc. 22 p. 1].

Hanson opposes in-camera review, arguing the contents of their communications has no bearing on whether the communications were privileged and whether that privilege was waived [Doc. 27]. But the Court has found that the documents' contents would be relevant to evaluating these questions, particularly as to whether the documents were protected under the work-product doctrine. In the alternative, Hanson argues that any in-camera review should encompass the entirety of the claim's insurance file, and not just the documents selected by Swainston. While the Court disagrees that the entire case file need be reviewed, the Court would benefit from reviewing all records of communications between Swainston and his insurer, including transcripts, notes and emails, from the date of the accident through the filing of this lawsuit, and not solely those identified by Swainston.

IT IS THEREFORE ORDERED that Defendant shall produce the above designated documents on or before August 17, 2018.

Dated this 14th day of August, 2018.

Mark L. Carman
United States Magistrate Judge